David T. Biderman, Bar No. 101577
DBiderman@perkinscoie.com
Kristine E. Kruger, Bar No. 253593
KKruger@perkinscoie.com
Thomas N. Abbott, Bar No. 245568
TAbbott@perkinscoie.com
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, CA 94105-3204
Telephone: 415.344.7000
Facsimile: 415.344.7050

Attorneys for Defendant
Caliber Home Loans, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., DRIVING FORCE MEDIA, and BARRY GABSTER,<br><br>Defendants. | Case No. 3:20-cv-00617-VC<br><br>DEFENDANT CALIBER HOME LOANS, INC.'S NOTICE OF MOTION AND MOTION TO STAY DISCOVERY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>Date:      May 21, 2020<br>Time:      10:00 a.m.<br>Judge:     Hon. Vince Chhabria<br>Location: Courtroom 4 – 17th Floor |

-1-

1

## NOTICE OF MOTION

2       TO THE COURT, ALL PARTIES AND ATTORNEYS OF RECORD:

3       PLEASE TAKE NOTICE THAT on May 21, 2020, at 10:00 a.m., or as soon thereafter as

4  the matter may be heard, in Courtroom 4, 17th Floor of the San Francisco Courthouse, 450 Golden

5  Gate Avenue, San Francisco, CA 94102, before The Honorable Vince Chhabria, defendant Caliber

6  Home Loans, Inc. ("Caliber") will, and hereby does, move this Court, pursuant to Fed. R. Civ. P.

7  26(c) and the Court's discretion, for a protective order staying discovery pending the resolution of

8  Caliber's Motion to Dismiss the Complaint of Plaintiff Deborah Schick ("Schick" or "Plaintiff").

9  This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities,

10 the Declaration of Thomas N. Abbott ("Abbott Decl."), any reply memorandum, the filings in this

11 action, and such other matters as may be presented at or before the hearing.

12

## STATEMENT OF ISSUE TO BE DECIDED

13      Does the case-dispositive nature of Caliber's Motion to Dismiss, the lack of need of

14 discovery to decide the motion, and the breadth of Schick's discovery requests furnish good cause

15 for stay of discovery pending resolution of the threshold Motion to Dismiss?

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO STAY DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 3:20-CV-00617-VC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

Caliber respectfully requests a protective order from the Court to defer discovery, including responses to Schick's pending discovery requests, until after the Court rules on Caliber's Motion to Dismiss, in order to conserve the resources of the parties. The two factors considered in this district to determine whether there is good cause for a stay of discovery pending resolution of a dispositive motion are both met here. First, Caliber's Motion to Dismiss, if granted, is entirely dispositive of the case. Second, no discovery is needed for a decision on Caliber's Motion to Dismiss. In addition, the lack of prejudice to Schick and the burdensome nature of Schick's overbroad and premature requests further demonstrate good cause for a stay of discovery until the pending Motion to Dismiss is resolved.

In this putative class action Plaintiff seeks certification of two nationwide classes:

> All persons in the United States to whom: (a) Defendants, any of them and/or a third party acting on any of their behalf made a call or sent a text message; (b) to a cellular telephone number; (c) using an ATDS or an artificial or prerecorded voice; (d) during the period that begins four years before the filing of the original complaint in this action and ends on the first day of trial.
>
> …..
>
> All persons in the United States to whom: (a) Defendants, any of them and/or a third party acting on any of their behalf made a call or sent a text message; (b) to a residential (including residential cellular) telephone number listed on the NDNCR for at least 31 days before at least two of such communications in a 12-month period; (c) for telemarketing purposes; (d) during the period that begins four years before the filing of the original complaint in this action and ends on the first day of trial.

(Dkt. 1 ¶¶ 72, 74.)

Caliber moved to dismiss Plaintiff's Complaint. (*See* Dkt. 24.) Caliber's Motion to Dismiss is based solely on the allegations in Plaintiff's Complaint and does not require any facts outside the pleadings to resolve. If granted, Caliber's Motion to Dismiss will result in dismissal of all claims against Caliber. On Friday, April 3, 2020, Plaintiff served numerous discovery requests, including eighteen (18) interrogatories and fifty-two (52) requests for production on Caliber. Responding to Plaintiff's discovery will result in pointless burden and expense to Caliber if the Court grants

-1-

Caliber's Motion to Dismiss Plaintiff's Complaint.

The Ninth Circuit and the district courts in California recognize that good cause generally exists to stay discovery while considering a potentially dispositive motion to dismiss. In line with those authorities, this Court should stay discovery against Caliber pending a ruling on Caliber's Motion to Dismiss because (1) Caliber's Motion to Dismiss will be decided based on the content of Plaintiff's Complaint, irrespective of any facts known now or discovered later, (2) the Motion to Dismiss, if granted, resolves all claims against Caliber, thus avoiding the burden and expense of discovery; (3) the imminent rulemaking of the FCC is grounds for a stay of the entire action; and (4) the Supreme Court is hearing oral argument and will issue important guidance that is expected to be claim dispositive. Moreover, Plaintiff will not be prejudiced by a stay.

## II.     FACTUAL BACKGROUND

Schick filed her Complaint in this matter on January 27, 2020. (Dkt. 1.) Caliber filed its Motion to Dismiss pursuant to Rule 12(b)(6) on April 7, 2020. (Dkt. 24.) The parties held their Rule 26 conference on April 1, 2020, during which Caliber proposed deferring discovery until Caliber's motion was resolved. Schick served discovery on April 3, 2020. Abbott Decl., Ex. A (Schick's First Set of Interrogatories (Nos. 1-18) and First Set of Requests for Production (Nos. 1-51)). Schick's interrogatories and requests for production broadly cover any conduct by telephone. For example, Schick's definitions state:

> "TELEMARKETING" means (i) selling or promoting goods or services by telephone (including but not limited to by live voice, prerecorded voice, SMS, VOIP, direct insertion to voicemail, or any other telephonic or similar means), (ii) generating leads by telephone (including but not limited to by live voice, prerecorded voice, SMS, VOIP, direct insertion to voicemail, or any other telephonic or similar means), or (iii) generating leads containing phone numbers, in each of the 3 foregoing cases regardless of whether by YOU or by a VENDOR or other THIRD PARTY. Conduct is TELEMARKETING even if it (1) had other, additional purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2) was to a PERSON who had consented to receive it; (3) was to a PERSON who had a prior existing business relationship with YOU or any other PERSON; and/or (4) was not made for YOUR exclusive or direct benefit.

Abbott Decl., Ex. A at 2. Schick's discovery is also expansive, going so far as to request that Caliber share personal private information of third parties:

-2-

REQUEST FOR PRODUCTION NO. 9: Produce all DOCUMENTS concerning YOUR records of any automated and/or TELEMARKETING calls placed by YOU or any VENDOR, or on YOUR behalf, including, but not limited to, the following:

…

c.      The telephone numbers and area codes to which each call was placed;

…

f.      Identifying information for the PERSON(S) who received the calls (e.g., name, address, email address, etc.) and, if different, identifying information for the PERSON(S) to whom the calls were intended to be placed;

…

l.      Recordings of the call;

…

*Id.*, Ex. A at 11-12.

## III.     ARGUMENT

### A.     Legal Standard

Rule 26(c) authorizes the Court, on a showing of good cause, to "issue an order to protect a party" from "undue burden or expense" by "forbidding the disclosure or discovery" sought by another party. Fed. R. Civ. P. 26(c). The Ninth Circuit and the district courts in California have held that good cause exists to stay discovery during the pendency of a dispositive motion that does not depend on facts for its resolution.

In the Ninth Circuit a district court "may limit discovery 'for good cause'" pursuant to Rule 26(c). *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). Rule 26(c) "provides that a court may for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by, *inter alia*, forbidding discovery or by specifying terms, including time and place, for disclosure or discovery." *Cellwitch, Inc. v. Tile, Inc.*, 2019 WL 5394848, at *1 (N.D. Cal. Oct. 22, 2019) (quotations omitted).

Courts consider two factors when determining whether to grant a protective order to stay discovery pending a motion to dismiss: (1) whether the pending motion is potentially dispositive

-3-

of the entire case, or at least dispositive on the issue at which discovery is directed; and (2) whether the pending motion can be decided absent discovery. *In re Nexus 6p Prod. Liab. Litig.*, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (citing cases).

Good cause exists to stay discovery against Caliber because Caliber's motion must be decided based only on the content of the complaint, and the motion, if granted, will dispose of all claims against Caliber. Indeed, a grant of the Motion to Dismiss, in whole or in part, would also eliminate the risk of disputes regarding issues that may be rendered moot by this Court's future ruling and protect the potentially unnecessary disclosure of "millions" of consumers' private financial information.[1] Further, even if the Court does not grant the motion and issue a dismissal, there are substantial grounds for staying the entire case pending a ruling by the FTC and/or clarification by the Supreme Court on issues that bear directly on the sufficiency of the complaint.

## B.    The First Factor is Met Because Caliber's Pending Motion to Dismiss is Potentially Dispositive of the Entire Case

Caliber's Motion to Dismiss is potentially dispositive of the entire case. Schick's lawsuit against Caliber is based solely on a theory of vicarious liability for calls initiated by Driving Force Media. Complaint ¶¶ 57-70. In the TCPA context, this is not a novel theory and other courts have determined that such allegations may be resolved by a motion to dismiss.

In *Panacci v. A1 Solar Power, Inc.* the plaintiff sued A1 Solar on the same basis of vicarious liability for a purported telemarketer's initiation of calls on A1 Solar's behalf. *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *1-2 (N.D. Cal. June 15, 2015). A1 Solar moved to dismiss because the complaint failed to allege facts supporting direct or vicarious liability against it. *Id.* at *7. Citing *Iqbal*, the court found that the complaint failed to allege anything more than 'naked assertions' of control as to A1 Solar and therefore "the claim against A1 Solar must be dismissed." *Id.* Other courts in the Northern District have reached the same conclusion and granted motions to dismiss where a plaintiff alleged only vicarious liability under the TCPA. *See Naiman v. TranzVia LLC*, 2017 WL 5992123, at *10-13 (N.D. Cal. 2017).

Here, Schick's complaint is based on the same vicarious liability theory at issue in *Panacci*.

---

[1] *See* Complaint ¶ 80 (alleging "millions of robocalls").

However, the theory is *more tenuous* here because Caliber did not interact with Driving Force Media directly and there was at least one party in between the two. *See* Complaint ¶ 63 (admitting that Caliber contracted with NextLevel Direct and not Driving Force Media). Thus, Caliber's pending motion is potentially dispositive of the entire case because if the Court determines that Schick has not stated facts establishing vicarious liability then the Court must dismiss the case as Schick admits Caliber did not initiate the calls.

**C.      The Second Factor is Met Because Caliber's Pending Motion to Dismiss Can Be Decided Absent Discovery**

Caliber's Rule 12(b)(6) motion is decided based on the allegations in the pleadings, and therefore, "the degree of discovery conducted is irrelevant to a Rule 12(b)(6) motion." *Flores v. Roma Indep. Sch. Dist.*, 2017 WL 11104106, at *3 (S.D. Tex. 2017); *see also Micron Tech., Inc. v. United Microelectronics Corp.*, 2018 WL 7288018, at *2 (N.D. Cal. 2018) (staying discovery where pending motion to dismiss did not require full discovery for resolution); *In re Nexus 6P Prods. Litig.*, *supra*, 2017 WL 3581188, at *2 ("[t]he Court also notes that the pending motions to dismiss are fully briefed, and can be decided without additional discovery"); *see also Hamilton v. Rhoads*, 2011 WL 5085504, at *1 (N.D. Cal. 2011) ("any discovery is unnecessary for resolution of the [defendant's] motion [to dismiss]").

**D.      Additional Grounds Exist to Stay Discovery**

Although the two factors are easily met as outlined above, there are additional considerations that warrant a stay here:

**1.      The Discovery Seeks PIFI**

Schick already seeks personally identifiable financial information ("PIFI") or a list or grouping of consumers in relation to financial information that is deemed private under the Gramm-Leach-Bliley Act. 16 C.F.R. § 313.3(n)(1)(i)-(ii), (o). "The FTC has interpreted the term 'personally identifiable financial information' to include all information about a consumer, including non-financial data such as name, address, and telephone number." *Experian Info. Sols., Inc. v. F.T.C.*, 2001 WL 257834, at *2 (N.D. Tex. 2001); *see also Trans Union LLC v. F.T.C.*, 295 F.3d 42, 46 (D.C. Cir. 2002) (upholding regulations protecting the privacy rights of consumers against

-5-

challenge by consumer credit reporting agency). The rule prohibits the disclosure of such information. *Experian Info. Sols., Inc*., at *2 (citing § 313.3(o)(1)). Commencement of such invasive discovery as to PIFI—putting aside whether it can be permitted at all—before the parties even know whether Schick has stated a claim for relief warrants a stay of discovery.

**2.     The Entire Case Should be Stayed Pursuant to the Primary Jurisdiction Doctrine**

As explained in more detail in the pending Motion to Dismiss the entire case should be stayed because the FCC is currently considering but has not yet issued a ruling as to what type of equipment qualifies as an ATDS. (Dkt. 24 at pp 8-9.) The FCC's rulemaking is imminent following the D.C. Circuit's 2018 decision in *ACA Int'l v. FCC* that invalidated the FCC's prior interpretation of ATDS. *Id.* Under the primary jurisdiction doctrine, the Court should exercise its discretion to either stay or dismiss this case without prejudice. (Dkt. 24 at pp. 10-11.) Multiple courts have already stayed TCPA cases for this reason. *See Barnes v. CS Mktg. LLC*, --- F. Supp. 3d ----, 2020 WL 30373, at *3 (S.D. Fla. Jan. 2, 2020); *Thomas v. Smith-Palluck Assocs. Corp.*, No. 2:17-cv-02001-MMD-CWH, 2018 U.S. Dist. LEXIS 152211, at *4-5 (D. Nev. Sept. 6, 2018) (staying TCPA action "because it appears the FCC is poised to determine whether dialing equipment similar to the equipment at issue in this case . . . satisfies the TCPA's definition of an automatic telephone dialing system"); ADT's Motion to Stay Case Pending FCC Ruling, *Buhr v. ADT LLC*, No. 9:18-cv-80605-RLR (S.D. Fla. June 22, 2018), ECF No. 22 (requesting stay under primary jurisdiction doctrine due to pending petitions and FCC public notice following *ACA International* based on shifting ATDS definition and use of autodialer function); Paperless Order Granting Motion to Stay, *Buhr v. ADT* (S.D. Fla. July 25, 2018), ECF No. 40 (staying case "for all of the reasons set forth" in the motion); *cf. also Hart v. Comcast of Alameda*, 2008 WL 2610787, at *2 (N.D. Cal. 2008) (staying case where two petitions had been filed on the precise issue before the court, and the FCC had announced it would seek public comment); *Clark v. Time Warner Cable*, 523 F. 3d 1110, 1113-14 (9th Cir. 2008) (holding that the FCC had primary jurisdiction over the plaintiff's claim because the FCC's notice of proposed rulemaking sought comment on the same issue addressed before the court); *Barrera v. Comcast Holdings Corp*., 2014 WL 1942829, at *3 (N.D. Cal. 2014) (same).

-6-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**3.      The Entire Case Should be Stayed Pending the Supreme Court's Decisions on the Constitutionality of Autodialer Restrictions of the TCPA**

Also as explained in detail in Caliber's Motion to Dismiss, the Supreme Court has scheduled oral argument in a case that concerns the constitutionality of the autodialer restrictions under the TCPA in *Barr v. Am. Ass'n of Political Consultants, Inc.*, 140 S. Ct. 812 (2020). (Dkt. 24 at pp. 14-16.) There is good reason to expect the Supreme Court will grant certiorari in another TCPA case, *Duguid v. Facebook*, with significant implications on the claims asserted by Schick here. *Id.* At least one court has stayed a TCPA case pending the outcome of *Barr*. *Seefeldt v. Entm't Consulting Int'l, LLC.*, 2020 WL 905844, at *1 (E.D. Mo. Feb. 25, 2020).

## IV.      CONCLUSION

For the forgoing reasons, Caliber respectfully requests that the Court order a stay of discovery, including responses to discovery that has already been served, pending the resolution of Caliber's Motion to Dismiss.

DATED: April 14, 2020                              **PERKINS COIE LLP**


                                                  By: /s/ Thomas N. Abbott
                                                  _____
                                                        David T. Biderman, Bar No. 101577
                                                        DBiderman@perkinscoie.com
                                                        Kristine E. Kruger, Bar No. 253593
                                                        KKruger@perkinscoie.com
                                                        Thomas N. Abbott, Bar No. 245568
                                                        TAbbott@perkinscoie.com

                                                        Attorneys for Defendant
                                                        Caliber Home Loans, Inc.

MOTION TO STAY DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE NO. 3:20-cv-00617-VC

1

**PROOF OF SERVICE**

2          I, Matthew Walkup, declare:

3          I am a citizen of the United States and employed in San Francisco County, California. I
am over the age of eighteen years and not a party to the within-entitled action. My business
4    address is 505 Howard Street, Suite 1000, San Francisco, California 94105-3204.

5          On April 16, 2020, I electronically filed the attached document:

6                DEFENDANT CALIBER HOME LOANS, INC.'S NOTICE OF
                 MOTION AND MOTION TO STAY DISCOVERY;
7                MEMORANDUM OF POINTS AND AUTHORITIES IN
                 SUPPORT THEREOF

8
with the Clerk of the court using the CM/ECF system which will then send a notification of such
9    filing to the following:

10         Edward A. Broderick                    *Attorneys for Plaintiff*
           Broderick Law, P.C.                    Debora Schick
11         99 High Street, Suite 304
           Boston, MA 02110
12         (617) 738-7080
           (617) 830-0327 (fax)
13         ted@broderick-law.com

14
           Jon Bernhard Fougner                   *Attorneys for Plaintiff*
15         600 California Street, 11th Floor       Debora Schick
           San Francisco, CA 94108
16         (415) 577-5829
           (206) 338-0783 (fax)
17         Jon@FougnerLaw.com

18
           Andrew Heidarpour                      *Attorneys for Plaintiff*
19         Heidarpour Law Firm, PLLC              Debora Schick
           1300 Pennsylvania Avenue NW, 190-318
20         Washington, DC 20004
           (202) 234-2727
21         AHeidarpour@HLFirm.com

22
           Matthew Passi McCue                    *Attorneys for Plaintiff*
23         The Law Office of Matthew P. McCue     Debora Schick
           1 South Avenue, Suite 3
24         Natick, MA 01760
           (508) 655-1415
25         (508) 319-3077 (fax)
           mmccue@massattorneys.net
26

27

28
                                          -8-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Anthony I. Paronich                         *Attorneys for Plaintiff*
Paronich Law, P.C.                          Debora Schick
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(617) 485-0018
(617) 830-0327 (fax)
anthony@paronichlaw.com

Debbie Paulerio Kirkpatrick                 *Attorneys for Defendants*
Sessions Fishman Nathan & Israel, LLP       Driving Force Media and
1545 Hotel Circle South, Suite 150          Barry Gabster
San Diego, CA 92108
(619) 758-1891
(619) 296-2013 (fax)
dkirkpatrick@sessions.legal

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

    Executed on April 16, 2020, at San Francisco, California.


                                            */s/ Matthew Walkup*
                                            _____
                                            Matthew Walkup