EXHIBIT A

1  Jon B. Fougner (State Bar No. 314097)
   jon@fougnerlaw.com
2  600 California Street, 11th Floor
   San Francisco, California 94108
3  Telephone: (415) 577-5829
   Facsimile: (206) 338-0783
4

5  [Additional counsel appear on signature page]

6  *Attorneys for Plaintiff Deborah Schick and the*
   *Proposed Classes*
7

8              UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
9              SAN FRANCISCO DIVISION

10 DEBORAH SCHICK, individually and on      Case No. 3:20-cv-00617-VC
   behalf of all others similarly situated,
11
                                            **PLAINTIFF'S SET OF DISCOVERY TO**
12                                          **CALIBER HOME LOANS, INC. 1**
                      Plaintiff,
13         v.

14

15 CALIBER HOME LOANS, INC., DRIVING
   FORCE MEDIA, and BARRY GABSTER,
16
                      Defendants.
17

18

19 TO:    CALIBER HOME LOANS, INC.; and

20 TO:    ITS ATTORNEYS OF RECORD:

21        Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, the following discovery

22 requests are propounded to YOU.  They are intended to draw upon the combined knowledge of

23 YOU and your agents, including your attorneys.

24                          **I.  DEFINITIONS**

25        The following terms shall have the following meanings:

26        "DATABASE" means any structured collection of information that can be accessed,

27 updated, or managed electronically.

28
                                  - 1 -

1  "DOCUMENT" means "document(s) or electronically stored information" as defined
2  broadly in Federal Rule of Civil Procedure 34(a)(1)(A). A draft or non-identical copy is a
3  separate document.

4  "PERSON" means any natural person or legal entity, including, without limitation, any
5  business or governmental entity or association.

6  "PLAINTIFFS" means all named plaintiff(s) in this action.

7  "TELEMARKETING" means (i) selling or promoting goods or services by telephone
8  (including but not limited to by live voice, prerecorded voice, SMS, VOIP, direct insertion to
9  voicemail, or any other telephonic or similar means), (ii) generating leads by telephone
10 (including but not limited to by live voice, prerecorded voice, SMS, VOIP, direct insertion to
11 voicemail, or any other telephonic or similar means), or (iii) generating leads containing phone
12 numbers, in each of the 3 foregoing cases regardless of whether by YOU or by a VENDOR or
13 other THIRD PARTY. Conduct is TELEMARKETING even if it (1) had other, additional
14 purposes (e.g., fulfillment of a partially completed transaction or verification of information); (2)
15 was to a PERSON who had consented to receive it; (3) was to a PERSON who had a prior
16 existing business relationship with YOU or any other PERSON; and/or (4) was not made for
17 YOUR exclusive or direct benefit.

18 "THIRD PARTY" means any natural person, partnership, association, corporation, joint
19 venture, or other business or legal entity not owned, controlled, or paid an annual salary by
20 YOU.

21 "VENDOR" means any THIRD PARTY under contract with, hired by, employed by,
22 paid by, or working for YOU, whether directly or recursively, in a capacity related to
23 TELEMARKETING, including but not limited to the RELEVANT ENTITIES.

24 "YOU" means the PERSON to which this set of discovery is propounded, along with its
25 past and present predecessors, successors, subsidiaries, parents, and joint venturers.

26 The use of the singular form of any word includes the plural (if such interpretation
27 broadens the scope) and vice versa (if such interpretation broadens the scope).

28

1    The past tense includes the present (if such interpretation broadens the scope) and vice

2    versa (if such interpretation broadens the scope).

3    The word "or" shall mean "and/or" if such interpretation broadens the scope.

4    All other words shall have their ordinary definition as defined by Merriam-Webster's

5    online dictionary, located at http://www.merriam-webster.com/.

## II.   INSTRUCTIONS FOR INTERROGATORIES

7    Submit your answers to the interrogatories herein in writing and under oath to the

8    undersigned counsel within 30 days.  If any of these interrogatories cannot be answered in full,

9    then answer to the fullest extent possible, specifying the reasons for your inability to answer the

10   remainder, and stating whatever information or knowledge YOU have concerning the

11   unanswered portion or portions.  In answering these interrogatories, furnish such information as

12   is available to YOU, regardless of whether this information is obtained directly by you, through

13   your agents or representatives, or by any of your attorneys.

14   When you are asked to identify a natural person, a fulsome identification is requested,

15   including the person's full name, addresses, phone numbers, and email addresses and that you

16   assert that the person is represented by counsel in this matter for purposes of rules governing

17   communication by an attorney with a represented party (if so).

18   These interrogatories are continuing in nature.  In accordance with Federal Rule of Civil

19   Procedure 26, you are required to supplement your answers to the interrogatories in the event

20   new or additional information becomes known to YOU.

## III.   INSTRUCTIONS FOR REQUESTS FOR PRODUCTION

22   Produce for inspection and copying the DOCUMENTS described in these requests

23   electronically to the undersigned within 30 days.  In accordance with Rule 34(b), YOU shall

24   provide written responses to the following requests and shall produce the requested documents as

25   they are kept in the ordinary and usual course of business or shall organize and label the

26   documents to correspond with the categories in this request.

27

28

1    If YOU withhold the production of any document that is responsive to the following

2  requests on the grounds that the document is privileged or otherwise protected, state in a

3  privilege log the nature of the claim of privilege or protection and describe generally the type and

4  nature of the document; the date of the document; the identity of the author(s), the addressees,

5  and any recipients of the document; the document's present location; and any other information

6  that will enable PLAINTIFFS and the Court to assess the applicability of the privilege or

7  protection.

8    All ESI should be produced in a computer-readable format and should comply with the

9  proposed ESI order we have served on YOU.  Do not remove or alter metadata or degrade the

10 fidelity of any typeface, image, or file.

11    Produce all requested documents in YOUR possession, custody, or control, including (by

12 way of illustration only and not limited to) DOCUMENTS in the possession, custody, or control

13 of YOU or YOUR affiliates, merged and acquired predecessors, present and former directors,

14 officers, partners, employees, accountants, attorneys or other agents, present and former

15 independent contractors over which YOU have control, and any other PERSON acting on YOUR

16 behalf.

17    If a DOCUMENT responsive to these requests was at any time in YOUR possession,

18 custody, or control but is no longer available for production in its original condition, state the

19 following information:

20    a)  Whether it has been altered, tampered with, edited, manipulated, destroyed,

21        and/or deleted;

22    b)  If so, why, when, how, how much, where, and by whom; and

23    c)  What remedial measures, if any, have been taken to prevent similar occurrences in

24        the future.

25    These requests shall be deemed continuing so as to require seasonable supplemental

26 responses as YOU or YOUR attorneys obtain further information or materials until the time of

27 trial.

28

- 4 -

## IV. RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant time period for these discovery requests starts four years before the filing of the original complaint in this action and continues through the present.

## V. INTERROGATORIES
### Equipment[1]

**INTERROGATORY NO. 1:**   Identify by make, model, structure, and location the system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to place TELEMARKETING calls.

**ANSWER:**


**INTERROGATORY NO. 2:**   Identify any DATABASES, lists, or other computer systems or equipment YOU used to maintain records of TELEMARKETING calls YOU, or any VENDOR, placed.

**ANSWER:**


**INTERROGATORY NO. 3:**   Identify any DATABASES, lists, or other computer systems or equipment YOU used to maintain records of a PERSON's purported consent to receive TELEMARKETING calls from YOU or a VENDOR or revocation thereof, specifically indicating the location of such DATABASES, lists, or other computer systems.

**ANSWER:**


**INTERROGATORY NO. 4:**   For each system, equipment, and DATABASE identified in the foregoing interrogatories, identify the primary PERSONS responsible for its maintenance or operation.

**ANSWER:**

---

[1] The simplified sub-headings in this document are for convenience of navigation only. They **don't** narrow or change the discovery requests.

1

2                                        **Policies**

3          **INTERROGATORY NO. 5:**    Describe any policies or practices YOU used related to

4    compliance with the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the

5    time period each policy was in force.

6          **ANSWER**:

7

8          **INTERROGATORY NO. 6:**    Describe any policies YOU used during the relevant

9    time period related to compliance with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*, when

10   obtaining prior express written consent within the meaning of the TCPA and the time period

11   each policy was in force.

12         **ANSWER**:

13

14         **INTERROGATORY NO. 7:**    How, if at all, do YOU use the National Do Not Call

15   Registry?

16         **ANSWER**:

17

18         **INTERROGATORY NO. 8:**    How, if at all, do YOU determine that people have

19   provided prior express written consent to receive automated telemarketing by or on behalf of

20   YOU?

21         **ANSWER**:

22

23                                       **Vendors**

24         **INTERROGATORY NO. 9:**    Identify all VENDORS whose work relates to

25   TELEMARKETING and describe the services each such VENDOR performs.

26         **ANSWER**:

27

28

- 6 -

1   **INTERROGATORY NO. 10:**  Identify each PERSON involved in training YOUR

2   employees or VENDORS regarding TELEMARKETING.  Please include in YOUR answer a

3   brief description of each PERSON's responsibilities regarding the training, and the dates of any

4   training provided.

5   **ANSWER:**

6

7   **Persons**

8   **INTERROGATORY NO. 11:**  Identify all PERSONS with knowledge relevant to

9   claims or defenses in this case.  If YOU expect the PERSON or a human representative thereof

10  to testify at trial, whether in your case in chief or in rebuttal, provide a summary of the expected

11  testimony.

12  **ANSWER:**

13

14  **Parties**

15  **INTERROGATORY NO. 12:**  Describe your dealings (whether before or after the

16  filing of this case) with your co-defendants and NextLevel Direct.

17  **ANSWER:**

18

19  **INTERROGATORY NO. 13:**  How many new customers have you received from your

20  co-defendants?

21  **ANSWER:**

22

23  **INTERROGATORY NO. 14:**  How much revenue have you derived from new

24  customers you received from the co-defendants?

25  **ANSWER:**

26

27

28

**Document Preservation**

**INTERROGATORY NO. 15:**  State whether any documents responsive to PLAINTIFFS' requests for production have been destroyed or lost, or cannot be accounted for. If your answer is anything other than an unqualified negative, please:

    (a) Identify each and every document that was destroyed or lost, or is unaccounted for;

    (b) state when you believe the document(s) was destroyed or lost, or became unaccounted for;

    (c) state what reason or explanation you have, if any, for the destruction or loss of or inability to account for the document(s) identified in sub-part (a); and

    (d) identify the persons who are most knowledgeable about the information in sub-parts (a) through (c) of this interrogatory.

**ANSWER:**

**INTERROGATORY NO. 16:**  Which of the following have YOU (including but not limited to any of YOUR employees) used to communicate about TELEMARKETING: phone call, video call, in-person meeting, letter, MS Outlook, Google Calendar, iCal, digital calendar, physical calendar, government filing, Apple Notes, paper notepad, Asana, task list, MS Word, Google Docs, MS PowerPoint, slideshow, MS Excel, MS Access, Google Sheets, SQL, spreadsheet, DATABASE file, chart, graph, outline, personal e-mail, business e-mail, SMS, MMS, social media, Facebook, LinkedIn, Twitter, Snapchat, instant messaging, Google Hangouts, Slack, Yammer, Trello, voicemail, or (in which case, identify them) other means?

**ANSWER:**

**INTERROGATORY NO. 17:**  For each means in the immediately preceding interrogatory that YOU have used, describe YOUR DOCUMENT retention practices, including whether any DOCUMENTS responsive to PLAINTIFFS' requests for production have been or may have been lost or destroyed.

- 8 -

1    **ANSWER**:

2

3                              **Transfers**

4    **INTERROGATORY NO. 18:**  During the relevant time period, how many calls did

5    NextLevel Direct and/or one or more of your co-defendants transfer to YOU.

6    **ANSWER:**

7

8                    **VI.   REQUESTS FOR PRODUCTION**

9                          **Cross-References**

10   **REQUEST FOR PRODUCTION NO. 1:**  Produce all non-attorney-client-privileged,

11   non-work-product DOCUMENTS used to draft or identified in responses to interrogatories

12   propounded to YOU in this case.

13   **RESPONSE:**

14

15   **REQUEST FOR PRODUCTION NO. 2:**  Produce all DOCUMENTS related to any

16   denial or affirmative defense set forth in any answer by YOU to any complaint in this action.

17   **RESPONSE:**

18

19   **REQUEST FOR PRODUCTION NO. 3:**  Produce all DOCUMENTS identified in

20   YOUR Federal Rule of Civil Procedure 26(a)(1) initial disclosures.

21   **RESPONSE:**

22

23                              **Plaintiffs**

24   **REQUEST FOR PRODUCTION NO. 4:**  Produce all DOCUMENTS concerning or

25   referencing any of PLAINTIFFS, including any documents showing any alleged consent to

26   receive automated and/or TELEMARKETING calls.

27   **RESPONSE:**

28

1

2
**Manuals**

3
**REQUEST FOR PRODUCTION NO. 5:**  Produce all DOCUMENTS concerning the

4
system(s), platform(s), and/or equipment used by YOU, or any VENDOR, to place or store data

5
about automated and/or TELEMARKETING calls.  This request specifically includes, but is not

6
limited to, all records of automated and/or TELEMARKETING calls that were placed, and all

7
manuals or guides for such system(s), platform(s), and/or equipment.

8
**RESPONSE:**

9

10
**REQUEST FOR PRODUCTION NO. 6:**  Produce all DOCUMENTS concerning any

11
DATABASES, lists, or other computer systems or equipment YOU use to maintain records of a

12
PERSON's purported consent to receive automated and/or TELEMARKETING calls from

13
YOU.  This request specifically includes, but is not limited to, records YOU claim evidence

14
consent, and any and all manuals or guides for computer systems or equipment used to maintain

15
records of consent.

16
**RESPONSE:**

17

18
**Revocation of Consent**

19
**REQUEST FOR PRODUCTION NO. 7:**  Produce all DOCUMENTS concerning the

20
DATABASES, lists, or other computer systems or equipment YOU use to record a PERSON's

21
revocation of consent to receive automated and/or TELEMARKETING calls.

22
**RESPONSE:**

23

24
**Lexicons**

25
**REQUEST FOR PRODUCTION NO. 8:**  Produce all data dictionaries or keys to data

26
tables for:

27

28

PL.'S SET DISC. CALIBER HOME LOANS, INC. 1
*Schick v. Caliber Home Loans, Inc.*, Case No. 3:20-cv-00617-VC

1         a.     each system, platform, and/or equipment used by YOU, or any VENDOR,

2    to place automated and/or TELEMARKETING calls;

3         b.     each DATABASE, list, or other computer system or equipment YOU use

4    to maintain records of a PERSON's purported consent to receive automated and/or

5    TELEMARKETING calls; and

6         c.     each DATABASE, list, or other computer system or equipment YOU use

7    to record a PERSON's revocation of consent to receive automated and/or TELEMARKETING

8    calls.

9    **RESPONSE:**

10

11    **Logs**

12    **REQUEST FOR PRODUCTION NO. 9:**   Produce all DOCUMENTS concerning

13    YOUR records of any automated and/or TELEMARKETING calls placed by YOU or any

14    VENDOR, or on YOUR behalf, including, but not limited to, the following:

15         a.     The date and time each call was placed;

16         b.     The number of calls placed;

17         c.     The telephone numbers and area codes to which each call was placed;

18         d.     The result of each call;

19         e.     The content of each call;

20         f.     Identifying information for the PERSON(S) who received the calls (e.g.,

21    name, address, email address, etc.) and, if different, identifying information for the PERSON(S)

22    to whom the calls were intended to be placed;

23         g.     The telephone numbers for all outgoing telephone lines that were used in

24    placing the calls;

25         h.     The caller ID transmitted;

26         i.     The campaign ID;

27

28

- 11 -

1                j.      The identity of the companies and/or carriers that were used to place the

2  calls; and

3                k.      Recipients' responses, whether by live voice, IVR, SMS, or otherwise, to

4  each call;

5                l.      Recordings of the call;

6                m.     Any other information regarding the calls (e.g., reports, data compilations,

7  verifications, electronic signature records, transmission reports, etc.).

8  **RESPONSE:**

9

10  **REQUEST FOR PRODUCTION NO. 10:** Produce all DOCUMENTS concerning any

11  leads or evidence of consent generated for or provided to YOU or any VENDOR for purposes of

12  placing automated and/or TELEMARKETING calls, including, but not limited to, the

13  DOCUMENTS containing the following information:

14                a.      The dates the leads were generated;

15                b.      The number of leads;

16                c.      The VENDORS involved in the generation of the lead;

17                d.      For leads from websites, all server logs, timestamps, clickstreams, URLs,

18  referring URLs, exit URLs, IP addresses, device IDs, code, screenshots, access logs, error logs,

19  terms of service, privacy policies, TCPA disclosures, other recorded user or website behavior,

20  hosts

21                e.      DOCUMENTS that identify any VENDOR or THIRD PARTY used to, or

22  that can, measure or estimate site traffic, including, but not limited to, Alexa, Chartbeat,

23  Compete, Comscore, Google Analytics, Mixpanel, and Quantcast;

24                f.      All evidence of consent to receive calls;

25                g.      The profiles for each lead, including, but not limited to, the name, address,

26  telephone number, and area code for each lead; and

27

28

1          h.      Any other information regarding the leads (e.g., reports, data compilations,

2  verifications, electronic signature records, transmission reports, call recordings, etc.).

3      **RESPONSE:**

4

5      **REQUEST FOR PRODUCTION NO. 11:** If any DOCUMENTS responsive to either of

6  the two immediately preceding requests are in the hands of THIRD PARTIES or a VENDOR,

7  produce DOCUMENTS that identify those THIRD PARTIES or VENDORS.

8      **RESPONSE:**

9

10                      **Scripts**

11      **REQUEST FOR PRODUCTION NO. 12:** Produce all DOCUMENTS concerning the

12  content of all calls placed by YOU or a VENDOR, including, but not limited to, any draft or

13  proposed language.  This request includes but is not limited to recordings of prerecorded or

14  artificial voices used by YOU or a VENDOR.

15      **RESPONSE:**

16

17                      **Vendors**

18      **REQUEST FOR PRODUCTION NO. 13:** Produce all DOCUMENTS, DATABASES,

19  and list(s) concerning any VENDOR whose work relates to placing automated and/or

20  TELEMARKETING calls, which DOCUMENTS concern such activities.

21      **RESPONSE:**

22

23                      **Consent**

24      **REQUEST FOR PRODUCTION NO. 14:** Produce all DOCUMENTS that concern any

25  assertion that the recipients of automated and/or TELEMARKETING calls gave prior express

26  consent to receive them.

27      **RESPONSE:**

28

- 13 -

1

2       **REQUEST FOR PRODUCTION NO. 15:** Produce all documents that support any

3   assertion that YOU or a VENDOR made clear and conspicuous disclosures to recipients of your

4   automated and/or TELEMARKETING calls (a) that the calls would be automated, (b) regarding

5   who was the specific seller of the products marketed, and/or (c) that one could buy YOUR

6   products or services without consenting to automated telemarketing.

7       **RESPONSE:**

8

9       **REQUEST FOR PRODUCTION NO. 16:** Produce all DOCUMENTS concerning

10  whether any purported prior express written consent obtained from any of PLAINTIFFS or

11  others complied with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*

12      **RESPONSE:**

13

14                          **Calling Policies**

15      **REQUEST FOR PRODUCTION NO. 17:** Produce all DOCUMENTS evidencing all

16  policies and practices related to placing automated and/or TELEMARKETING calls, and a

17  timeline indicating the periods during which each such policy was in effect. This request

18  specifically includes, but is not limited to, policies related to the following:

19          a.      The frequency with which calls are placed to the same number;

20          b.      Scripts;

21          c.      Reasons triggering the addition of a PERSON's name or telephone

22  number to the list of those receiving calls;

23          d.      When and how calls would be placed (e.g., the VENDOR, equipment,

24  computer system, or other program, etc.);

25          e.      Compliance with the TCPA, including, but not limited to the rules,

26  regulations, opinions, advisories, comments, or filings of the Federal Communications

27  Commission that relate to 47 U.S.C. § 227 or 47 C.F.R. § 64.1200;

28

                                    - 14 -

1    f.  Obtaining or verifying prior express consent;

2    g.  Determining whether a PERSON revoked consent and/or opted out from

3 receiving calls from YOU;

4    h.  Placing automated calls to PERSONS who have revoked consent and/or

5 opted out;

6    i.  Complying with E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*; and

7    j.  The handling of do-not-call requests.

8  **RESPONSE:**

9

10  **REQUEST FOR PRODUCTION NO. 18:** Produce all DOCUMENTS concerning the

11 failure, alleged failure, or possible failure of a VENDOR to comply with the parameters of any

12 agreements, contracts, scopes of work, or other instruction(s) imposed by YOU regarding

13 placing or generating leads for automated and/or TELEMARKETING calls.

14  **RESPONSE:**

15

16  **REQUEST FOR PRODUCTION NO. 19:** Produce all DOCUMENTS concerning the

17 failure, alleged failure, or possible failure of a VENDOR to comply with YOUR policies related

18 to placing automated and/or TELEMARKETING calls, including, but not limited to,

19 DOCUMENTS concerning the failure, alleged failure, or possible failure of a VENDOR to

20 comply with the E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*, or to honor do-not-call requests.

21  **RESPONSE:**

22

23  **REQUEST FOR PRODUCTION NO. 20:** Produce all DOCUMENTS concerning

24 YOUR failure, alleged failure, or possible failure to comply with YOUR policies related to

25 placing automated and/or TELEMARKETING calls, including, but not limited to,

26 DOCUMENTS concerning YOUR failure, alleged failure, or possible failure to comply with the

27 E-SIGN Act, 15 U.S.C. §§ 7001 *et seq.*, or to honor do-not-call requests.

28

1    **RESPONSE:**

2

3                          **Lead-Generation Policies**

4        **REQUEST FOR PRODUCTION NO. 21:** Produce all DOCUMENTS concerning all

5    policies regarding the generation of leads for purposes of placing automated and/or

6    TELEMARKETING calls, including, but not limited to, policies related to confirming the

7    validity of leads.

8        **RESPONSE:**

9

10       **REQUEST FOR PRODUCTION NO. 22:** Produce all DOCUMENTS concerning the

11   failure, alleged failure, or possible failure of a VENDOR to comply with the parameters of any

12   agreements, contracts, scopes of work, or other instruction(s) imposed by YOU regarding the

13   generation of leads for purposes of placing automated and/or TELEMARKETING calls.

14       **RESPONSE:**

15

16       **REQUEST FOR PRODUCTION NO. 23:** Produce all DOCUMENTS concerning the

17   failure, alleged failure, or possible failure of a VENDOR to comply with YOUR policies related

18   to the generation of leads for purposes of placing automated and/or TELEMARKETING calls,

19   including, but not limited to, DOCUMENTS related to the failure, alleged failure, or possible

20   failure of a VENDOR to obtain valid prior express written consent from the actual recipients of

21   calls.

22       **RESPONSE:**

23

24       **REQUEST FOR PRODUCTION NO. 24:** Produce all DOCUMENTS concerning

25   YOUR failure, alleged failure, or possible failure to comply with YOUR policies related to the

26   generation of leads for purposes of placing automated and/or TELEMARKETING calls,

27

28

                                    - 16 -

1   including, but not limited to, DOCUMENTS and communications related to YOUR failure,

2   alleged failure, or possible failure to validate any lead(s).

3       **RESPONSE:**

4

5                           **Communications**

6       **REQUEST FOR PRODUCTION NO. 25:** Produce all materials, business plans,

7   memoranda, minutes, or other DOCUMENTS that reference placing automated and/or

8   TELEMARKETING calls and/or generating leads for such purposes, including any such

9   materials directed to THIRD PARTIES.

10      **RESPONSE:**

11

12      **REQUEST FOR PRODUCTION NO. 26:** Produce all DOCUMENTS concerning the

13  approval or disapproval by YOUR officers, shareholders, or board of directors to place

14  automated and/or TELEMARKETING calls, including any agendas, meetings, minutes,

15  correspondence or memoranda.

16      **RESPONSE:**

17

18      **REQUEST FOR PRODUCTION NO. 27:** Produce all contracts with or mentioning any

19  of your co-defendants or NextLevel Direct.  This request includes but is not limited to all drafts

20  of contracts.

21      **RESPONSE:**

22

23      **REQUEST FOR PRODUCTION NO. 28:** Produce all correspondence with any of your

24  co-defendants or NextLevel Direct.

25      **RESPONSE:**

26

27

28

1    **REQUEST FOR PRODUCTION NO. 29:** Produce all internal correspondence relating

2  to any of your co-defendants or NextLevel Direct.

3    **RESPONSE:**

4

5    **REQUEST FOR PRODUCTION NO. 30:** Produce all DOCUMENTS relating to the

6  training YOU, or any PERSON acting on YOUR behalf, provided to any VENDOR regarding

7  techniques, methods, systems, or procedures for placing automated and/or TELEMARKETING

8  calls.

9    **RESPONSE:**

10

11    **REQUEST FOR PRODUCTION NO. 31:** Produce all letters, emails, voicemails, text

12  messages, instant messages, social media messages, and other communications between YOU

13  and any VENDOR concerning automated and/or TELEMARKETING calls.

14    **RESPONSE:**

15

16    **REQUEST FOR PRODUCTION NO. 32:** Produce all DOCUMENTS relating to any

17  payments made by YOU to any VENDOR.

18    **RESPONSE:**

19

20                 **Complaints**

21    **REQUEST FOR PRODUCTION NO. 33:** Produce all complaints made to YOU

22  concerning automated and/or TELEMARKETING calls and or lead generation by YOU, or any

23  VENDOR, including, but not limited to, lists or DATABASE(S) containing complaints, the

24  content of complaints, and the names, addresses, telephone numbers, and email addresses of all

25  PERSONS believed to have made complaints.  This request specifically includes any complaints

26  to YOU by mail, email, or telephone; submitted through online forms or social media; submitted

27

28

1  to any government agency; or submitted to any other organization such as the Better Business
2  Bureau, Chamber of Commerce, FCC, FTC, or other organization of any kind.

3  **RESPONSE:**

4

5  **REQUEST FOR PRODUCTION NO. 34:** Produce all DOCUMENTS concerning
6  requests by any PERSON that YOU, or any VENDOR, stop calling.  This request includes, but is
7  not limited to, requests made by email, letter, SMS, IVR, or other forms of communication, as
8  well as any DATABASES identifying or listing the names, addresses, telephone numbers, or
9  email addresses of PERSONS who made such requests.

10  **RESPONSE:**

11

12  **REQUEST FOR PRODUCTION NO. 35:** Produce all lists or DATABASE(S) that
13  constitute any do-not-call list or do-not-contact list provided by YOU to any VENDOR or vice
14  versa.

15  **RESPONSE:**

16

17  **REQUEST FOR PRODUCTION NO. 36:** Produce all DOCUMENTS concerning all
18  policies regarding whether and how YOU ensure compliance with a PERSON's request to YOU
19  or any VENDOR to stop calling or to stop calling via a particular means or for a particular
20  purpose.

21  **RESPONSE:**

22

23  **REQUEST FOR PRODUCTION NO. 37:** Produce all DOCUMENTS constituting or
24  referring to audits, investigations, inquiries, or studies, by YOU or any THIRD PARTY,
25  including, but not limited to, any independent auditor, law firm, or governmental agency,
26  regarding the compliance by YOU, or any VENDOR acting on YOUR behalf, with any state or

27

28

- 19 -

1  federal laws or regulations involving placing automated and/or TELEMARKETING calls,

2  including regarding generating leads for such purposes.

3  **RESPONSE:**

4

5  **REQUEST FOR PRODUCTION NO. 38:** Produce all communications with any

6  government entity relating to autodialing, including but not limited to all applications for licenses

7  or permissions to use an automated telephone dialing system and/or an artificial or prerecorded

8  voice.

9  **RESPONSE:**

10

11  **Insurance**

12  **REQUEST FOR PRODUCTION NO. 39:** Produce all DOCUMENTS concerning

13  insurance coverage of the acts alleged by PLAINTIFFS, including, but not limited to, all policies

14  issued by any insurer and all communications with any insurers, including, but not limited to,

15  reservation-of-rights letters.

16  **RESPONSE:**

17

18  **REQUEST FOR PRODUCTION NO. 40:** Produce all indemnification agreements

19  between YOU and any THIRD PARTY or VENDOR under which that THIRD PARTY or

20  VENDOR might be responsible for satisfying all or part of a judgment that may be entered

21  against YOU in this action.

22  **RESPONSE:**

23

24  **REQUEST FOR PRODUCTION NO. 41:** Produce all communications between YOU

25  and any PERSON that may provide a defense or indemnity for YOU in this lawsuit, aside from

26  communications with your outside counsel of record.

27  **RESPONSE:**

28

1

2                                      **Evidence Preservation**

3          **REQUEST FOR PRODUCTION NO. 42:** Produce all DOCUMENTS that define or

4    describe YOUR DOCUMENT retention, preservation, and destruction policies or practices.  This

5    request includes but is not limited to DOCUMENTS relevant to the retention of call logs and

6    server logs.

7          **RESPONSE:**

8

9                                         **Telemarketing**

10         **REQUEST FOR PRODUCTION NO. 43:** Produce all DOCUMENTS concerning or

11   relating to TELEMARKETING.

12         **RESPONSE:**

13

14         **REQUEST FOR PRODUCTION NO. 44:** Please produce all DOCUMENTS

15   concerning or referencing the proposed class members in this case.

16         **RESPONSE:**

17

18                                          **Governance**

19         **REQUEST FOR PRODUCTION NO. 45:** Produce DOCUMENTS sufficient to

20   identify YOUR shareholders, owners, members, partners and corporate structure during the

21   relevant time period.

22         **RESPONSE:**

23

24         **REQUEST FOR PRODUCTION NO. 46:** Produce a complete organizational chart for

25   YOU, or if YOUR operations are subdivided into departments, then produce the organizational

26   chart for (a) the department(s) responsible for placing TELEMARKETING calls; (b) the

27   department(s) responsible for purchasing, maintaining or operating the system(s) used to place

28

1  TELEMARKETING calls; (c) the department(s) responsible for hiring or managing any

2  VENDOR used to place TELEMARKETING calls; and (d) the department(s) responsible for

3  purchasing, maintaining, or operating the system(s) used to store lists, DATABASE(S) or

4  DOCUMENTS containing logs of calls or logs of purported consent to receive calls.

5       **RESPONSE:**

6

7       **REQUEST FOR PRODUCTION NO. 47:** Please produce all of your balance sheets,

8  income statements, and statements of cash flows.

9       **RESPONSE:**

10

11      **REQUEST FOR PRODUCTION NO. 48:** Please produce DOCUMENTS sufficient to

12  DESCRIBE any material assets or liabilities not reflected on your balance sheets.

13      **RESPONSE:**

14

15      **REQUEST FOR PRODUCTION NO. 49:** Please produce all DOCUMENTS filed by

16  YOU with, or received by YOU from, the secretary of state of the state of your principal place of

17  business or the secretary of state of the state in which you are incorporated or organized.

18

19                    **TCPA Litigation**

20      **REQUEST FOR PRODUCTION NO. 50:** Produce all transcripts and video-recordings

21  of depositions in TCPA lawsuit or arbitration.

22      **RESPONSE:**

23

24      **REQUEST FOR PRODUCTION NO. 51:** Produce all reports by any expert in any

25  TCPA lawsuit or arbitration.

26      **RESPONSE:**

27

28
                              - 22 -

1    **REQUEST FOR PRODUCTION NO. 52:** Produce unredacted versions of all redacted

2  or sealed papers (including exhibits of whatever medium) filed by any party in any TCPA

3  lawsuit or arbitration.

4    **RESPONSE:**

5

6    SERVED AND PROPOUNDED on April 3, 2020.

7
                                            By: */s/ Jon B. Fougner*
8                                               Jon B. Fougner

9                                               Edward A. Broderick, *Pro Hac Vice*
10                                              *Forthcoming*
                                                ted@broderick-law.com
11                                              BRODERICK LAW,  P.C.
                                                99 High Street, Suite 304
12                                              Boston, Massachusetts 02110
                                                Telephone: (617) 738-7080
13                                              Facsimile: (617) 830-0327

14
                                                Anthony I. Paronich, *Pro Hac Vice Forthcoming*
15                                              anthony@paronichlaw.com
                                                PARONICH LAW, P.C.
16                                              350 Lincoln Street, Suite 2400
                                                Hingham, Massachusetts 02043
17                                              Telephone: (617) 485-0018
18                                              Facsimile: (508) 318-8100

19                                              Matthew P. McCue, *Pro Hac Vice Pending*
20                                              mmccue@massattorneys.net
                                                THE LAW OFFICE OF MATTHEW P. McCUE
21                                              1 South Avenue, Suite 3
                                                Natick, Massachusetts 01760
22                                              Telephone: (508) 655-1415
23                                              Facsimile: (508) 319-3077

24                                              Andrew W. Heidarpour, *Pro Hac Vice*
25                                              *Forthcoming*
                                                aheidarpour@hlfirm.com
26                                              HEIDARPOUR LAW FIRM, PPC
                                                1300 Pennsylvania Avenue NW, 190-318
27                                              Washington, DC 20004
                                                Telephone: (202) 234-2727
28
                                            - 23 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Attorneys for Plaintiff Deborah Schick and the Proposed Classes*

PL.'S SET DISC. CALIBER HOME LOANS, INC. 1
*Schick v. Caliber Home Loans, Inc.*, Case No. 3:20-cv-00617-VC

1

## **PROOF OF SERVICE**

2      I, Jon B. Fougner, declare that on April 3, 2020, I was at least 18 years of age and not a
3  party to this action and mailed the foregoing to:

4      KRISTINE E KRUGER
       PERKINS COIE LLP
5      505 HOWARD ST
       STE 1000
6      SAN FRANCISCO, CA 94105-3222

7      *Attorneys for Defendant Caliber Home Loans, Inc.*

8
       Signed on April 3, 2020, under penalty of perjury under the laws of the United States.
9

10                                   By: */s/ Jon B. Fougner*
                                         Jon B. Fougner (State Bar No. 314097)
11                                       jon@fougnerlaw.com
                                         600 California Street, 11th Floor
12                                       San Francisco, California 94108
                                         Telephone: (415) 577-5829
13                                       Facsimile: (206) 338-0783

14
                                         *One of the Attorneys for Plaintiff Deborah*
15                                       *Schick and the Proposed Classes*

16

17

18

19

20

21

22

23

24

25

26

27

28

- 25 -