UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH SCHICK,

                Plaintiff,

      v.

CALIBER HOME LOANS, INC., et al.,

                Defendants.

Case No.  20-cv-00617-VC

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 24

Caliber's motion to dismiss is denied. The motion for a stay pending further FCC rulemaking on the definition of an automatic telephone dialing system is denied, and the motion for a stay pending Supreme Court's decision in *Barr v. American Association of Political Consultants, Inc.*, 2020 WL 3633780 (July 6, 2020), is denied as moot. A case management conference is set for 10:00 a.m. on August 5, 2020, and a joint case management statement is due seven days prior.

1.  The allegations in Schick's complaint can support a conclusion that Driving Force Media was acting as Caliber's agent. Schick alleges that Caliber hired a company that uses Driving Force Media to make telemarketing calls on Caliber's behalf, that it knows that Driving Force Media is making these calls, and that it has failed to take steps to stop the calls. *See* Complaint ¶¶ 63–67, 69. She alleges that she received Driving Force Media telemarketing calls promoting Caliber's business, and that during one of those calls she spoke to a Caliber employee. ¶¶ 44, 50, 53–54. And she also alleges that Caliber restricts the scope of Driving Force Media's telemarketing calls and instructs it to call certain numbers. ¶¶ 63–66. Even if Caliber did not specifically direct or control Driving Force Media's actions, an agency relationship can be

established by Caliber's ratification of the conduct—that is, by failing to stop Driving Force Media despite a knowledge or "willful ignorance" that it was acting on Caliber's behalf. *See Henderson v. United Student Aid Funds*, 918 F.3d 1068, 1073–74 (9th Cir. 2019). Schick's allegations, if true, could at least support a conclusion that Caliber ratified Driving Force Media's conduct (and so liable for it under the TCPA). *Id.*

2.  Schick's allegations are sufficient to state a claim for each of the two TCPA violations she alleges. With respect to the robocall claim, Caliber argues that Schick has not plausibly alleged facts giving rise to an inference that she received calls from an "automatic telephone dialing system," but that is not correct. Schick says that she said hello multiple times when she answered each call, but instead of being greeted with a normal human response, she heard a "distinctive click and pause, indicating that the call had been autodialed." Complaint ¶¶ 47–49. These specific facts can support an inference that the calls were placed using equipment with the capacity to automatically dial numbers that it stored or produced. *Marks v. Crunch San Diego*, LLC, 904 F.3d 1041, 1053 (9th Cir. 2018).

With respect to the do-not-call claim, Schick has alleged that her number has been on the do-not-call list since 2004, that she received two calls promoting Caliber and its products in November of 2019, and that she never consented to receiving these calls. Complaint ¶¶ 42–54. These allegations are adequate to state a claim under the TCPA for unlawful solicitation calls to a number on the do-not-call list. *See* 47 U.S.C. §§ 64.1200(c)(2); 64.1200(f)(14).

**IT IS SO ORDERED.**

Dated: July 16, 2020

_____
VINCE CHHABRIA
United States District Judge

2