Seth Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Specially Appearing Defendant
NEXLEVEL DIRECT LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH SCHICK, individually and on behalf of all others similarly situated,

Plaintiff,

v.

CALIBER HOME LOANS, INC., NEXLEVEL DIRECT LLC, DRIVING FORCE MEDIA, AND BARRY GABSTER,

Defendants.

Case No.: 3:20-CV-00617-VC

**SPECIALLY APPEARING DEFENDANT NEXLEVEL DIRECT LLC'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6)**

Date: Thursday, November 12, 2020
Time: 10:00 a.m.
Judge: Hon. Vince Chabbria
Ctrm.: 4, 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

**NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6)**

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on Thursday, November 12, 2020, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Vince Chabbria, in Courtroom 4, 17th Floor, of the San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Specially Appearing Defendant NexLevel Direct LLC ("NexLevel") will, and hereby does, move to dismiss each cause of action in Plaintiff Deborah Schick's First Amended Complaint for Injunction and Damages, pursuant to Federal Rule of Civil Procedure 12(b)(2) on the ground that NexLevel is not subject to personal jurisdiction in California and Federal Rule of Civil Procedure

12(b)(6) on the ground that the First Amended Complaint for Injunction and Damages fails to state a claim upon which relief can be granted.

This Motion to Dismiss and/or Strike is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Bill Borneman, the record, pleadings, and papers on file herein, and upon such other further arguments as may be presented before or at the time of the hearing.

a.

b.

c.

Dated: September 30, 2020

LAW OFFICES OF SETH W. WIENER

By: ______________________________

Seth W. Wiener
Attorney for Specially Appearing Defendant
NEXLEVEL DIRECT LLC

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) and 12(b)(6)**

## I. INTRODUCTION

This is an action for ostensible violations of the Telephone Consumer Protection Act ("TCPA") brought by Plaintiff Deborah Schick ("Plaintiff") against Defendants Caliber Home Loans, Inc., Driving Force Media, Barry Gabster, and NexLevel Direct LLC ("NexLevel") based on alleged telephone calls made by Driving Force Media to generate leads for Caliber Home Loans. NexLevel is an out-of-state marketing company. It is not alleged to, nor did it make the alleged calls at issue. NexLevel does not have any jurisdictional contacts with California. Therefore, the Court should grant this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action.

## II. PLAINTIFF'S FIRST AMENDED COMPLAINT

On August 3, 2020, Plaintiff filed her First Amended Complaint. (Doc. 52.) The First Amended Complaint alleges that "Defendants and/or their affiliates or agents violated the TCPA, 47 U.S.C. § 227(b)(1), by placing non-emergency calls (including text messages) to the cellular telephone numbers of Plaintiff and members of the Cellular Telephone Class using an ATDS and/or artificial or prerecorded voice without prior express written consent." (Doc. 52, ¶ 94). It further alleges that the subject telephone calls to Plaintiff were made by Driving Force Media on November 21, 2019 and November 26, 2019 to generate leads for Caliber Home Loans. (Doc. 52, ¶ 47).

The allegations in the First Amended Complaint concerning NexLevel are sparse. The First Amended Complaint correctly alleges that "NexLevel Direct LLC … is an Illinois limited liability company" and "as its principal place of business in Bainbridge Island, WA." (Doc. 52, ¶¶ 11-13). It further alleges that "Caliber Home Loans hired NexLevel Direct, a company that used Driving Force Media to originate new business for Caliber Home Loans using telemarketing calls", that "Caliber Home Loans controls the day-to-day activities of Driving Force Media's telemarketing through NexLevel Direct" and that "Caliber Home Loans is aware of Driving Force Media's abusive conduct

but continues its relationship with it, via NexLevel Direct." (Doc. 52, ¶¶ 66, 67, 62). This is the totality of the allegations made by Plaintiff against NexLevel. Importantly, Plaintiff does not allege that NexLevel made the subject calls or that NexLevel is vicariously liable for the calls.

## III. BACKGROUND

NexLevel is an Illinois limited liability company with its principal place of business in Washington, and it does not: (1) have a license to transact business in California; (2) have any members resident in California; (3) employ anyone in California; (4) own real property in California; (5) have an office in California; or (6) maintain a bank account in California. (Declaration of Bill Borneman ("Borneman Decl."), ¶ 2).

NexLevel never made any calls to Plaintiff, nor did NexLevel direct Driving Force Media to do so. (Borneman Decl., ¶ 3). Indeed, NexLevel did not supervise or direct the manner or means of any of the telephone calls made by Driving Force Media. (Borneman Decl., ¶ 4). NexLevel never authorized Driving Force Media to: (1) use an automated telephone dialing system ("ATDS"); (2) make robocalls; or (3) call any phone numbers on the National Do Not Call Registry. (Borneman Decl., ¶ 5). NexLevel had no knowledge of Driving Force Media's calling practices. (Borneman Decl. ¶ 6).

NexLevel first received notice of Plaintiff's complaint about the subject calls on December 5, 2019, and immediately terminated its independent contractor relationship with Driving Force Media. (Borneman Decl., ¶ 7.)

## IV. LEGAL ARGUMENT

### A. NexLevel Is Not Subject to Personal Jurisdiction in California

#### 1. Standard on Motion to Dismiss for Lack of Personal Jurisdiction

The Due Process Clause of the Fourteenth Amendment "limits the power of a state's courts to exercise jurisdiction over defendants who do not consent to jurisdiction." *Martinez v. Aero Caribbean*, 764 F.3d 1062, 1066 (9th Cir. 2014). Due process requires that the defendant "have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945) (quotations omitted). Under the "minimum contacts" analysis, a court can exercise either "general or all-purpose

jurisdiction," or "specific or conduct-linked jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)); *see also International Shoe*, 326 U.S. at 316-320.

Under general jurisdiction, a nonresident defendant may be subject to suit even on matters unrelated to its contacts with the forum. *Daimler*, 571 U.S. at 131. To establish general jurisdiction, the plaintiff must demonstrate that the defendant has continuous and systematic contacts sufficient to approximate physical presence in the state. *Learjet, Inc. v. Oneok, Inc.*, 715 F.3d 716, 741 (9th Cir. 2013). If the defendant is a foreign company, the plaintiff must establish that the defendant has "affiliations so continuous and systematic as to render [it] essentially at home in the forum State, … i.e., comparable to a domestic enterprise in that State. *Daimler*, 571 U.S. at 133, fn. 11 (citation omitted). The paradigm fora for the exercise of general jurisdiction over a corporation are the place of incorporation and the principal place of business, and only in an "exceptional case" will general jurisdiction be available elsewhere. *Id*. at 139 and fn. 19.

Where a party is not subject to general jurisdiction, due process requires that a defendant have "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (internal quotations omitted). The Ninth Circuit uses a three-part test to analyze whether a party's 'minimum contacts' comport with the doctrine articulated in International Shoe:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2002). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* (*citing Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If the plaintiff meets its burden on the first two prongs, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.*

(*quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-478 (1985)). If any of the three factors are not met, "jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

**2. NexLevel Is Not Subject to General Jurisdiction in California**

NexLevel is not subject to general jurisdiction in California as it was not organized under California law, does not have a place of business in California, and does not have continuous and systematic contacts with California. *See, e.g., Athena Cosmetics v. United States Warehouse*, 2020 U.S. Dist. LEXIS 73797, *14 (C.D. Cal. Mar. 5, 2020) (holding that an Arizona limited liability company with its principal business of business in Arizona was not subject to general jurisdiction in California); *Sloan v. GM LLC,* 2019 U.S. Dist. LEXIS 210191, *15-16 (N.D. Cal. Dec. 5, 2019) [court did not have general jurisdiction over a Delaware limited liability company with its principal place of business in Michigan]; *Angelini Metal Works Co. v. Hubbard Minor Doors, Inc.*, 2016 U.S. Dist. LEXIS 184768, *7-8 (C.D. Cal. Jan. 5, 2016) (finding no general jurisdiction over a limited liability company organized and existing under the laws of the state of Texas with its principal place of business in Texas).

**3. NexLevel Is Not Subject to Specific Jurisdiction in California**

**a. NexLevel Did Not Purposefully Direct Activities toward California**

Under the first prong of the specific jurisdiction test, purposeful direction is analyzed under the three-part test derived from *Calder v. Jones*, 465 U.S. 783 (1984): "that the defendant allegedly ha[s] (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The *Calder* test is appropriate here because TCPA actions are "essentially ... tort claim[s]." *Schlesinger v. Collins*, 2019 U.S. Dist. LEXIS 167193, *4 *2 (N.D. Cal. Sept. 25, 2019).

Here, NexLevel did not purposefully direct any conduct toward California as it did not make the alleged calls to Plaintiff. Hence, Plaintiff is unable to satisfy the first prong of the specific jurisdiction test. *See, e.g., Naiman v. TranzVia LLC*, 2017 U.S. Dist. LEXIS 199131, at *24 (N.D. Cal. Dec. 4, 2017) (rejecting TCPA plaintiff's assertion that the Court had specific jurisdiction over Delaware limited liability company as plaintiff did not allege that defendant "made the two calls at

issue."); *Menichiello v. Ascend Funding LLC*, 2017 U.S. Dist. LEXIS 142554, at *9 (C.D. Cal. Aug. 28, 2017) (finding that plaintiff didn't discharge his burden of showing that New York defendant "purposefully direct[ed] [its] activities toward the forum state" as "it was some other third-party—not [defendant]—that reached out and established contacts with California.").

**b. <u>NexLevel Did Not Engage in Any Forum-Related Activities</u>**

Plaintiff is unable to satisfy the second prong of the specific jurisdiction test because NexLevel did not engage in any forum-related activities. *See Menichiello, supra*, 2017 U.S. Dist. LEXIS 142554, at *9.

**c. <u>The Exercise of Jurisdiction Over NexLevel Would Be Unreasonable</u>**

The exercise of specific jurisdiction over NexLevel would be unreasonable in this circumstance. "Litigating this case in California would impose a burden on [NexLevel] because it has no presence in California. … Further, California has a lesser interest in this particular dispute because the case solely concerns federal law. What's more, as just discussed, [Plaintiff] hasn't shown that [NexLevel] purposefully injected itself into the affairs of Californians." (*Menichiello*, *supra*, 2017 U.S. Dist. LEXIS 142554, at *10-11).

**B. <u>The First Amended Complaint Fails to State a Claim Against NexLevel</u>**

In order to state a claim for a violation of the TCPA, Plaintiff must allege: (1) that Defendant made a call using an "automatic dialing system or an artificial or prerecorded voice;" (2) to a telephone number assigned to a cellular telephone number or any service for which Plaintiff is charged for the call; and (3) without Plaintiff's consent. *See Meyer v. Portfolio Recovery Systems, Inc.*, 707 F.3d 1036, 1043 (9th Cir. 2012); 47 U.S.C. § 227(b)(1)(A)(iii).

"There are two potential theories of liability: (1) direct liability; and (2) vicarious liability." *Thomas v. Taco Bell Corp.*, 582 Fed. Appx. 678, 679 (9th Cir. 2014). "'[T]he TCPA contemplates that a seller may be vicariously liable under agency principles for violations of section 227(b) notwithstanding the absence of 'on behalf of' liability available for do-not-call violations under section 227(c).'" *Id* at 679 (citation omitted).

Direct liability is inapplicable to NexLevel, as the First Amended Complaint alleges that it was Driving Force Media, not NexLevel, that made the subject calls to Plaintiff. (Doc. 52, ¶ 47).

The First Amended Complaint also does not allege vicarious liability against NexLevel. Instead, it alleges that "Caliber Home Loans is vicariously liable for telemarketing calls placed by Driving Force Media to generate leads for Caliber Home Loans." (Doc. 52, ¶ 64).

The First Amended Complaint fails to allege facts to show that NexLevel could be held vicariously liable for the calls made by Driving Force Media, under any theory of agency. Plaintiff does not allege facts showing that NexLevel had control over the manner and means of the telephone marketing campaign conducted by Driving Force Media, as would be necessary to establish actual agency. *See Thomas*, *supra*, 582 Fed. Appx. 679. *see also Naiman*, *supra*, 2017 U.S. Dist. LEXIS 199131, at *18. Apparent agency is not applicable because Plaintiff does not claim that she relied on anything said or done by NexLevel. *See Thomas*, *supra*, 582 Fed. Appx. at 679 ("Apparent authority is inapplicable because it can only 'be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied.'") (citation omitted). Finally, there are no allegations that NexLevel had knowledge of Driving Force Media's calling practices or that it remained willfully ignorant thereof, as would be necessary to establish ratification. *See Henderson v. United States Air Funds, Inc.*, 918 F.3d 1068, 1075-1076 (9th Cir. 2019).

### C. The First Amended Complaint's Claim for Attorney's Fees Must Be Dismissed Because Attorney's Fees Are Unavailable under the TCPA

Lastly, the Court should dismiss the prayer in the First Amended Complaint for an award of "attorneys' fees" as attorney's fees are unavailable under the TCPA. *See Pascal v. Concentra, Inc.* 2019 U.S. Dist. LEXIS 141400, *10-11 (N.D. Cal. Aug. 20, 2019) (dismissing claim for attorneys' fees under Rule 12(b)(6) because "[i]It is undisputed that attorneys' fees are unavailable under the TCPA …").

## V. CONCLUSION

NexLevel's Motion to Dismiss should be granted because it is not subject to general or specific jurisdiction in California, and because it is not directly or vicariously liable for the subject calls.

Dated: September 30, 2020

LAW OFFICES OF SETH W. WIENER

By: ______________________________
Seth W. Wiener
Attorney for Defendant
NexLevel Direct LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2020, I served the foregoing through the Court's CM/ECF system, which sent notice to all counsel of record.

By: ______________________________
SETH W. WIENER