Seth Wiener (California State Bar No. 203747)
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Specially Appearing Defendant
NEXLEVEL DIRECT LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH SCHICK, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CALIBER HOME LOANS, INC., NEXLEVEL DIRECT LLC, DRIVING FORCE MEDIA, AND BARRY GABSTER,<br><br>Defendants. | Case No.: 3:20-CV-00617-VC<br><br>**SPECIALLY APPEARING DEFENDANT NEXLEVEL DIRECT LLC'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)**<br><br>Date:    Thursday, November 12, 2020<br>Time:   10:00 a.m.<br>Judge:  Hon. Vince Chabbria<br>Ctrm.:  4, 17th Floor<br>         450 Golden Gate Avenue<br>         San Francisco, CA 94102 |

## I. INTRODUCTION

The Court should grant Specially Appearing Defendant NexLevel Direct LLC's ("NexLevel") Motion to Dismiss Plaintiff Deborah Schick's ("Plaintiff" or "Schick") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction and pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action. The Opposition does not dispute that NexLevel is an out-of-state company, and has no jurisdictional contacts with California that would render it subject to general jurisdiction here. NexLevel is also not subject to specific jurisdiction as it did not make the alleged calls to Plaintiff. Further, the First Amended Complaint does not state a cause of action against for violation of the Telephone Consumer Protection Act ("TCPA") against NexLevel, because it does not allege that NexLevel is directly or vicariously liable for the alleged calls made by Driving Force Media ("DFM").

## II. FACTS

The relevant facts to the instant Motion to Dismiss are set forth concisely in the Declaration of Bill Borneman. (Doc. 71). They are:

- NexLevel is an Illinois limited liability company with its principal place of business in Washington, and it does not: (1) have a license to transact business in California; (2) have any members resident in California; (3) employ anyone in California; (4) own real property in California; (5) have an office in California; or (6) maintain a bank account in California.
- NexLevel never made any calls to Plaintiff, nor did NexLevel direct Driving Force Media to do so.
- NexLevel did not supervise or direct the manner or means of any of the telephone calls made by Driving Force Media.
- NexLevel never authorized Driving Force Media to: (1) use an automated telephone dialing system ("ATDS"); (2) make robocalls; or (3) call any phone numbers on the National Do Not Call Registry.
- NexLevel had no knowledge of Driving Force Media's calling practices.

(Doc. 70-1, ¶¶ 2-6).

Plaintiff boldly claims that Mr. Borneman "is wrong" and that "NexLevel's claims of ignorance about DFM's calling practices – from the original generation of the purported leads via websites to the ultimate disposition of the telemarketing calls to those leads – are belied by the documentary evidence."  (Doc. 73, pp. 2, 3).  The so-called "documentary evidence" consists entirely of documents produced by DFM (Doc. 73-3 – 73-20), and NexLevel objects to the admission of Exhibits B to S of the Declaration of Edward A. Broderick in support of Opposition to NexLevel Direct LLC's Motion to Dismiss on the ground that the documents constitute hearsay. *See* Fed. R. Evid. 801(c) ("'Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement.").

Even if the Court is inclined to consider the hearsay documents submitted by Plaintiff, they do not refute any of the facts set forth in the Declaration of Bill Borneman.  Indeed, the documents buttress Mr. Borneman's testimony that DFM was an independent contractor, and that "[i]mmediately upon receiving notice of [Plaintiff's] complaint, "NexLevel terminated its independent contractor relationship with Driving Force Media." (Doc. 70-1, ¶ 7). DFM's discovery responses further provide further confirmation that DFM was an independent contractor, inasmuch as "DFM acquired leads from third parties," "DFM provided live transfers of telephone calls to Caliber Home Loans," and NexLevel never transferred any calls to DFM. (Doc. 73-2, Responses to Interrogatories Nos. 3, 12, 20).

In light of the foregoing, it is understandable that Plaintiff did not allege in the First Amended Complaint that NexLevel was vicariously liable for DFM's alleged telemarketing calls, and instead asserted that "Caliber Home Loans is liable for telemarketing calls placed by Driving Force Media to generate leads for Caliber Home Loan." (Doc. 52, ¶ 64).

### III. LEGAL ARGUMENT

#### A. NexLevel Is Not Subject to Personal Jurisdiction in California

It is undisputed NexLevel is not subject to general jurisdiction in California.  It is also undisputed that NexLevel did not make the alleged calls to Plaintiff.  As such, Plaintiff cannot meet her burden of showing that NexLevel purposefully directed its activities toward California. *See*

*Menichiello v. Ascend Funding LLC*, 2017 U.S. Dist. LEXIS 142554, at *6. (C.D. Cal. Aug. 28, 2017) ("the plaintiff bears the burden of making a prima facie showing that jurisdiction is appropriate.").

Plaintiff does not dispute that NexLevel itself has no relevant jurisdictional contacts with California, but argues that NexLevel is subject to specific personal jurisdiction in California because its purported agent, DFM, is subject to jurisdiction here. (Doc. 73, p. 12). Specifically, Plaintiff submits that "in TCPA cases, specific personal jurisdiction over an agent creates specific jurisdiction over its principal." (*Id.*) This exact argument was rejected in *Menichiello.*

In *Menichiello*, the plaintiff filed a putative TCPA class action against defendant Ascend Funding, a cash advance company with its principal place of business in New York. *Menichiello*, *supra,* 2017 U.S. Dist. LEXIS, at *1. Ascend Funding moved to dismiss for lack of personal jurisdiction or, alternatively, for failure to state a claim upon which relief can be granted. *Id*. at *2. The plaintiff did not dispute that Ascend Funding had no contacts with California, and instead advanced the same argument that Schick does here, namely that it doesn't matter *who* actually called the plaintiff – whether Ascend Funding, or some other third-party acting on its behalf – as long as plaintiff received in a call in California. *Id*. *8. The *Menichello* court rejected this notion, and explained:

> Just a few terms ago, in *Walden v. Fiore*, 134 S. Ct. 1115, 188 L. Ed. 2d 12 (2014), the Supreme Court unanimously reaffirmed an uncontroversial rule: "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State." *Id*. at 1123 (emphasis added). Put simply, an inquiry into personal jurisdiction is decidedly defendant focused. *See id.* at 1122; *Burger King,* 471 U.S. at 475 ("Jurisdiction is proper ... where the contacts proximately result from actions by the defendant himself that create a 'substantial connection' with the forum State.); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ("Specific jurisdiction" is the exercise of "personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum."); *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977) ("[T]he central concern of the inquiry into personal jurisdiction" [*9] is "the relationship among the defendant, the forum, and the litigation."). Any other approach would be both impermissible under binding precedent and inconsistent with the Due Process Clause's focus on "the liberty of the nonresident defendant." *See Walden*, 134 S. Ct. at 1125 n.9.
>
> With those essential principles, the Court concludes that the exercise of specific jurisdiction isn't appropriate under these circumstances. Menichiello hasn't discharged his burden of showing that Ascend Funding "purposefully direct[ed] [its] activities toward the forum state'" or that his claim "arise[s] out of [Ascend Funding's] forum-related activities." *See Lake*, 817 F.2d at 1421. Quite

> to the contrary, Menichiello's own declaration and opposition papers tend to show that it was some other third-party—not Ascend Funding—that reached out and established contacts with California.

*Id*. at *8-*9.  The same analysis applies here – NexLevel is not subject to specific jurisdiction in California because it is not alleged to have reached out and established contacts with California, nor did it.

Further, DFM's actions cannot be attributed to NexLevel for jurisdictional purposes because the First Amended Complaint does not allege any facts evidencing an agency relationship between DFM and NexLevel.  *See Fishman v. Subway Franchisee Advertising Fund Trust, Ltd.*, 2019 U.S. Dist. LEXIS 200710, at *9 (C.D. Cal. Nov. 18, 2019) ("For jurisdiction to attach on the basis of agency, plaintiffs must allege a prima facie case for an agency relationship."). In the absence of any such factual allegations, there is no basis for the Court to subject NexLevel to personal jurisdiction in California.

### B. The First Amended Complaint Fails to State a Cause of Action Against NexLevel

Since NexLevel is not subject to personal jurisdiction in California, the Court need not reach the issue of whether the First Amended Complaint states a valid TCPA claim against NexLevel.  (*See Menichiello*, *supra,* 2017 U.S. Dist. LEXIS 142554, at *11-*12 ("The Court need not address Ascend Funding's alternative motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Instead, the Court GRANTS the motion to dismiss for lack of personal jurisdiction.").  In any event, the Complaint does not state a valid claim for a violation of the TCPA against NexLevel, as it does not allege that NexLevel directly made a call to Schick, nor that NexLevel is vicariously liable for the calls allegedly made to Schick by DFM.

The Opposition posits that "Schick has plausibly alleged … that NexLevel is vicariously liable under theories of actual authority and ratification."  (Doc. 73, p. 6).  The First Amended Complaint does not, however, allege that NexLevel is vicariously liable for the calls made by DFM, and instead alleges that "Caliber Home Loans is liable for telemarketing calls placed by Driving Force Media to generate leads for Caliber Home Loans."  (Doc. 52, ¶ 64). While Plaintiff argues that it is sufficient that it has alleged that "Caliber Home Loans controls the day-to-day activities of Driving Force Media's telemarketing through NexLevel Direct" (Doc. 52, ¶ 67), courts have routinely found that

4

Reply Memorandum of Points and Authorities in support of Motion to Dismiss First Amended Complaint

such that "rote recitation of conclusory language … is not enough to show an agency relationship" in granting motions to dismiss TCPA claims. *See Freidman v. Massage Envy Franchising, LLC*, 2013 U.S. Dist. LEXIS 84250, *8 (S.D. Cal. June 13, 2013); *see also Canary v. Youngevity International, Inc.*, 2019 U.S. Dist. LEXIS 46429, at *17-18 (N.D. Cal. Mar. 20, 2019) (granting motion to dismiss TCPA claim where the plaintiff failed to "allege facts to show that the defendant controlled the 'manner and means' of the call."); *Naiman v. TranzVia LLC,* 2017 U.S. Dist. LEXIS 199131, *18 (N.D. Cal. Dec. 4, 2017) (granting motion to dismiss TCPA claim because "plaintiff has not pled a single fact demonstrating that [defendant] actually had control over [caller] such that it can be held vicariously liable for any of [caller's] purported violations of the TCPA."). The allegations in the First Amended Complaint are insufficient to establish that DFM was NexLevel's agent.

Further, there are no allegations in the First Amended Complaint that NexLevel ratified DFM's telemarketing activities. Plaintiff does not claim that NexLevel "had actual knowledge of [DFM's] allegedly unlawful calling practices or that it "'had knowledge of facts that would have led a reasonable person to investigate further.'" *See Henderson v. United Student Aid Funds, Inc.* 918 F.3d 1068, 1075 (9th Cir. 2019) (citation omitted). Nor could the First Amended Complaint be amended to allege otherwise, in light of Borneman's irrefutable testimony that "NexLevel terminated its independent contractor relationship with Driving Force Media" on December 5, 2019, immediately after learning of Schick's complaint. (Doc. 70-1, ¶ 7; *see also* Doc. 73-17 (December 6, 2019 email from Borneman to Driving Force Media stating that NexLevel "will need to hold any more leads" until it receives "the back-up info on the DNC program" and information about processes taken by DFM "to insure you are DNC compliant")).

**C.     Attorney's Fees Are Unavailable Under the TCPA**

Plaintiffs' claim for attorneys' fees must be dismissed because "the TCPA does not provide for attorneys' fees." *Friedman v. Everquote, Inc*. 2016 U.S. Dist. LEXIS 189117, at *13 (C.D. eeCal. Oct. 31, 2016); *see also Pascal v. Concentra, Inc.,* 2019 U.S. Dist. LEXIS 141400, at *10 (N.D. Cal. Aug. 20, 2019) ("It is undisputed that attorneys' fees are unavailable under the TCPA …"). While Plaintiff hypothesizes that she could seek to recover attorney's fees under California Code of Civil Procedure

section 1021.5 (Doc. 73, p. 14), that argument is a red herring as the First Amended Complaint does not seek attorney's fees under that statute.

### D. The First Amended Complaint Should Be Dismissed With Prejudice as to NexLevel

The First Amended Complaint should be dismissed with prejudice as to NexLevel, since Schick has "failed to establish that personal jurisdiction is proper over [NexLevel] in California, despite having had ample time to conduct jurisdictional discovery and amend [her] allegations." *See Freeney v. Bank of America Corp.*, 2016 U.S. Dist. LEXIS 194371, at *59 (C.D. Cal. Aug. 4, 2016) (granting defendant's motion to dismiss for lack of personal jurisdiction and dismissing the claims against defendant with prejudice); *see also U.S. Vestor, L.L.C. v. Biodata Info. Tech. AG*, 290 F. Supp. 2d 1057, 1069 (N.D. Cal. 2003) (dismissing all causes of action against defendants with prejudice for lack of personal jurisdiction).

## IV. CONCLUSION

NexLevel is not a California company, and has no relevant jurisdictional contacts with California.  It did not make the calls at issue, and is not vicariously liable for the calls.  It should be dismissed from this action with prejudice, rather than be required to defend an action concerning alleged telemarking activity performed by the other defendants.

Dated:  October 21, 2020                                LAW OFFICES OF SETH W. WIENER

By: _____
Seth W. Wiener
Attorney for Defendant
NexLevel Direct LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2020, I served the foregoing through the Court's CM/ECF system, which sent notice to all counsel of record.

By: _____
SETH W. WIENER